Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANNY CRUZ, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　Plaintiff(s),<br><br>　　　　-against-<br><br>LYONS, DOUGHTY & VELDHUIS, P.C. and JOHN DOES 1-25,<br><br>　　　　　　　　Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1.　　　The mailing addresses of the parties to this action are:

　　　ANNY CRUZ
　　　180 Kearny Avenue
　　　Perth Amboy, New Jersey 08861

　　　LYONS, DOUGHTY & VELDHUIS, P.C.
　　　136 Gaither Drive, Suite 100
　　　Mount Laurel, New Jersey 08054

**PRELIMINARY STATEMENT**

2.　　　Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that the Defendant, LYONS, DOUGHTY & VELDHUIS, P.C.

("LYONS LAW") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Middlesex County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. LYONS LAW maintains a location at 136 Gaither Drive, Mount Laurel New Jersey 08054.

8. LYONS LAW uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. LYONS LAW is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from LYONS LAW, which included the alleged conduct and practices described herein. **The class definition may be subsequently modified or refined.** The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity</u>: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a

standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA;

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to January 6, 2020, Plaintiff allegedly incurred a financial obligation to CAPITAL ONE BANK (USA), N.A. ("CAPITAL ONE").

19. Plaintiff allegedly incurred the CAPITAL ONE obligation in connection with a credit card account.

20. The CAPITAL ONE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21. Plaintiff incurred the CAPITAL ONE obligation by obtaining goods and services which were primarily for personal, family and household purposes.

22. The CAPITAL ONE obligation did not arise out of a transaction that was for non-personal use.

23. The CAPITAL ONE obligation did not arise out of a transaction that was for business use.

24. The CAPITAL ONE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. CAPITAL ONE and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. On or before January 6, 2020, the CAPITAL ONE obligation was referred by CAPITAL ONE (or its agent or representative) to LYONS LAW for the purpose of collection.

27. LYONS LAW uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

28. Defendants caused to be delivered to Plaintiff a letter dated January 6, 2020, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

29. The January 6, 2020 letter was sent to Plaintiff in connection with the attempted collection of the CAPITAL ONE obligation.

30. The January 6, 2020 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

31. The January 6, 2020 letter was the initial written communication that Plaintiff received from Defendant. No other written communication was received by Plaintiff from Defendant within five days of the January 6, 2020 letter.

32. Upon receipt, Plaintiff read and relied on the statements contained in the January 6, 2020 letter.

33. The January 6, 2020 letter provided the following information regarding the balance claimed due on the CAPITAL ONE obligation:

> Your balance as of January 04, 2020 is $3,054.25.

34. The January 6, 2020 letter stated in part:

> Although no interest is accruing on your account, your balance may increase in the future due to other charges allowed by your agreement and/or by law.
>
> THIS FIRM LYONS, DOUGHTY AND VELDHUIS, P.C. IS A DEBT COLLECTOR.
>
> THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

35. The balance at the time the CAPITAL ONE obligation was charged off was $3,054.25.

36. As of the date of the January 6, 2020 letter, the CAPITAL ONE obligation was not subject to increase due to state or federal law.

37. As of the date of the January 6, 2020 letter, CAPITAL ONE did not have the authority to assess late charges or other charges on the CAPITAL ONE obligation. See Hovermale v. Immediate Credit Recovery, Inc., 2016 WL 4157160 (D.N.J. August 4, 2016); Hovermale v. Immediate Credit Recovery, Inc., 2018 WL 6322614 (D.N.J. December 4, 2018).

38. CAPITAL ONE never authorized LYONS LAW to charge or add late charges or other charges to the balance of the CAPITAL ONE obligation.

39. CAPITAL ONE never authorized LYONS LAW to charge or add interest to the balance of the CAPITAL ONE obligation.

40. At some time prior to January 6, 2020, CAPITAL ONE ceased charging or adding late charges or other charges to the balance of the CAPITAL ONE obligation.

41. At some time prior to January 6, 2020, CAPITAL ONE ceased charging or adding interest to the balance of the CAPITAL ONE obligation.

42. LYONS LAW knew or should have known that its actions violated the FDCPA.

43. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

44. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

   (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

   (d) Making a false representation of the character, amount legal status of the debt.

45. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

46. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

47. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

48. Defendant's letter would lead the least sophisticated consumer to believe that the amount due could increase due to additional late charges or other charges.

49. Defendant's collection letter was designed to put pressure on the Plaintiff to make payment or payment arrangements now to avoid the threatened increase to the balance "in the future".

50. Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

51. Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance of the CAPITAL ONE obligation would increase due to late charges or other charges.

52. Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance of the CAPITAL ONE obligation would increase due to interest.

53. Defendant's letter would cause the least sophisticated consumer to believe that the balance of the CAPITAL ONE obligation could increase due to late charges or other charges.

54. Defendant's letter would cause the least sophisticated consumer to believe that the balance of the CAPITAL ONE obligation could increase due to interest.

55. Defendant's collection letter was designed to cause the least sophisticated consumer to believe that the balance of the CAPITAL ONE obligation could increase due to late charges or other charges.

56. Defendant's collection letter was designed to cause the least sophisticated consumer to believe that the balance of the CAPITAL ONE obligation was subject to increases rather than being a static balance.

57. Defendant's letters would cause the least sophisticated consumer to believe that the balance of the CAPITAL ONE obligation could increase pursuant to state or federal law.

58. Defendants' representation and/or implication that the amount due could increase violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; §1692e(2)(A); §1692e(5); § 1692e(10) and § 1692g(a).

59. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

60. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

61. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase.

62. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to state or federal law.

63. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

64. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

65. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount and legal status of the debt.

66. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase.

67. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase due to interest in the future.

68. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding late charges or other charges.

69. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding interest.

70. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants never intended to charge or add late charges or other charges.

71. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants never intended to charge or add interest.

72. Defendants violated 15 U.S.C. § 1692e(2)(A) as late charges and other charges were no longer being assessed on the CAPITAL ONE obligation.

73. Defendants violated 15 U.S.C. § 1692e(2)(A) as interest was not being assessed on the CAPITAL ONE obligation.

74. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

75. Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due when in fact the amount due would not and did not increase.

76. Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due when in fact the amount due would not and did not increase due to state or federal law.

77. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

78. Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could increase due to additional late charges when in fact the amount due would not and did not increase due to state or federal law.

79. Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could increase when in fact the amount due would not and did not increase.

80. Defendant violated the FDCPA by overshadowing and/or contradicting the notice mandated by 15 U.S.C. § 1692g(a).

81. Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to effectively convey the amount allegedly owed by Plaintiff.

82. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

83. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

84. "Because the FDCPA is a remedial statute, . . . we construe its language broadly, so as to effect its purpose." <u>Brown v. Card Serv. Ctr.</u>, 464 F.3d 450, 453 (3d Cir. 2006) (citations omitted).

85. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

86. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

87. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

88. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

89. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

      (g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: January 5, 2021

Respectfully submitted,

By: *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: January 5, 2021

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff